Tuxu-ey, 3.
delivered the opinion of the court.
This is an indictment for gaming, upon which the plaintiff in error was convicted and judgment pronounced in the circuit court, and it is now brought here upon a motion in arrest of judgment, to sustain which several reasons are ingenious* ly pressed.
1. It is said that there is no game charged in the indictment which is, by any of our statutes against gaming, made indictable. The bill charges the offence to have been committed by betting upon a match at cock-fighting, and it is denied that cock-fighting is within any of our statutes against gaming. The act of 1799, ch. 8, makes void all contracts the consideration of which is money lost by playing at cards, dice, billiards, horse-racing, or any other species of gaming whatever, or by betting upon the parties who shall play at such cards or run such races; and also inflicts a penalty of five dollars upon any person or persons who shall encourage or promote any match or matches at cards, dice, billiards, or any other game of hazard or address for money or other valuable thing. The act of 1803, ch. 12, makes it indictable for any person to play within the meaning of the act of 1799, ch. 8. The question then is, Is cock-fighting embraced by the words “any other species whatever,” which are used in the first section of the act of 1799, and the words “any other game of hazard and address” which are used in the second? and we think it is both upon principle and authority. It is said by judge Catron, in delivering the opinion of the court in the case of The State vs. Smith and Lane, that whenever money or other valuable thing is hazarded and may be lost or more than the value obtained, and dependant upon chance, *490 it is gaming. 2 Yerg. 281. And this court, in the case of The State vs. Smith, Meigs' Rep. 101, say, any contest or course of action commenced and prosecuted in consequence of a bet or wager, with the view to determine the bet or wager upon the event of such contest or course of action, is gaming. These two propositions clearly embrace a bet or Wager upon the result of a contest between two game cocks; and indeed it seems to us that there is scarcely any event more dependent upon both hazard and address than the result of such a contest. But we think that the question that cock-fighting is gaming has been expressly determined by the courts of Great Britain in adjudicating upon statutes of their own very similar in wording to ours. Under the statute of 33 Henry VIII, ch. 61, inflicting a penalty for keeping a house for unlawful games, a cock-pit is held to be a gaming house. 2 Hawkins’ Pleas of the Crown, 478, 529. This could not be unless a cock-fight were a game, because it is not specified by name in the statute, and therefore must be embraced by the word “game.” The statute 2 and 3 Ph. and M. 9, makes void every placard for keeping a bowling alley, dicing house, or other unlawful game. This has been construed to embrace cock-fights. 4 Com. Dig. 834. We therefore think that cock-fighting is gaming under our statutes.
3. It is contended that if it be gaming, yet the fact of betting upon the game is not charged with sufficient certainty, nor the fact that the game was played. The offence is charged in these words: “unlawfully did game, bet and hazard upon a match at cock-fighting a valuable thing, to wit,” &c. By the act of 1824, ch. 5, sec. 5, all the statutes made to suppress gaming are to be construed as remedial, and not as penal statutes; from this it results that in framing bills of indictment under them certainty to a common intent in charging the offence is all that is required; and this we think is done in this case. The charge is for an unlawful gaming upon a match at cock-fighting. If there had been no match fought there could have been no unlawful gaming, for a bet upon an event which is not determined is not unlawful. To constitute gaming there must be a wager, and the event up *491 on which it depended must have been decided. In the case of Bennett vs. The State, 2 Yerg. 472, the bill of indictment, charged that the defendant did gamble, hazard and bet on a game of hazard and address commonly called thimble. This bill of indictment was held to be good. The indictment in this case must be held to be as good as that, for it is precisely the same in substance, and indeed almost in words. The word “game” is as strong and expressive as the word “gamble,’* and that constitutes the only difference in the mode of charging the betting in the two cases. And there is no allegation that the game commonly called “thimble” was played; the statement being in that case that he did gamble at the game, and in this that he did game at the match.
We therefore think that the court below committed no error in refusing to arrest the judgment, and affirm the same.